Michelle Simpson Tuegel
(Texas Bar No. 24075187)
Email: michelle@stfirm.com
**The Simpson Tuegel Law Firm**
3611 Swiss Avenue, Suite 200
Dallas, TX 75204
Tel.: (214) 774-9121
Fax: (817) 977-9022

*Attorney(s) for the Plaintiffs*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| "APRIL," "JENNY," "PIA," "VIOLET," "LILY," and "SLOANE," <br><br> Plaintiffs, <br><br> v. <br><br> PETER ALEXANDER GROSS, <br><br> Defendant. | Case No: _____ <br><br> **COMPLAINT** <br><br> Jury Trial Demanded |

The Plaintiffs, on their own behalf, and through their attorney of record, Michelle Simpson Tuegel, allege for their complaint as follows:

### NATURE OF THE ACTION

1. This is a suit for damages arising out of the Defendant's violations of federal criminal child pornography statute 18 U.S.C. §§ 2252A (a)(2)(B), (a)(5)(B), (b)(1) and (b)(2).

2. 18 U.S.C. § 2255(a) allows victims of child pornography crimes to recover liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

COMPLAINT - 1

## PARTIES

3. "April" is an adult and resides outside of the Southern District of Texas.

4. "April" is a pseudonym for the victim depicted in the AprilBlonde child pornography series.

5. "Jenny" is an adult and resides outside of the Southern District of Texas.

6. "Jenny" is a pseudonym for the victim depicted in the Jenny child pornography series.

7. "Lily" is an adult and resides outside the Southern District of Texas.

8. "Lily" is the pseudonym for the victim depicted in the Vicky child pornography series.

9. "Pia" is an adult and resides outside of the Southern District of Texas.

10. "Pia" is the pseudonym for the victim depicted in the Sweet White Sugar child pornography series.

11. "Violet" is an adult and resides outside of the Southern District of Texas.

12. "Violet" is a pseudonym for the victim depicted in the At School child pornography series.

13. "Sloane" is an adult and resides outside of the Southern District of Texas.

14. "Sloane" is a pseudonym for the victim of the Tara child pornography series.

15. Each of the Plaintiffs is a person who was sexually abused as a child and whose sexual abuse is depicted in images of child pornography seized from Defendant's possession.

16. Peter Alexander Gross [hereinafter "Defendant Gross"] is an adult who, upon information and belief, resides within the Southern District of Texas.

//

COMPLAINT - 2

## JURISDICTION AND VENUE

17. Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under 18 U.S.C. § 2255.

18. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because (i) this is a civil action brought in the judicial district where, on information and belief, the Defendant resided at the time of the offenses alleged herein and (ii) a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district.

## FACTS

### The Defendant Was Convicted of Distribution, Receipt, and Possession of Child Pornography in Violation of 18 U.S.C. §§ 2252A(a)(2)(B) and (a)(5)(B).

19. Defendant was charged in the United States District Court, Southern District of Texas, in the matter denominated *United States v. Gross*, [SDTX] Case No. 22-CR-00121-1, with the crimes of Distribution, Receipt, and Possession of Child Pornography in violation of 18 USC §§ 2252A(a)(2)(B) and (a)(5)(B). These crimes were alleged to have been committed on or about and between May 4, 2021, November 11, 2021, and November 16, 2021.

20. On October 20, 2023, Defendant pleaded guilty to Distribution and Possession of Child Pornography as charged and was sentenced with a judgment entered against him on May 31, 2024.

21. The Court, in its amended judgment entered on October 10th, 2024, ordered Defendant to pay restitution to each of the Plaintiffs herein.

//

**Plaintiffs are Victims of Defendant's Crimes of Distribution, Possession, and Receipt of Child Pornography**

22. Plaintiffs have each elected to receive notices via the United States Department of Justice Victim Notification System (VNS) which alerts them when they are potential victims in investigations by federal law enforcement agencies.

23. On information and belief, analysts at the National Center for Missing and Exploited Children (NCMEC) matched child pornography images on the Defendant's computer to child pornography images of Plaintiffs in NCMEC's database and notified the government of its findings in a CVIP report.

24. On or about August 3, 2023, Plaintiffs first received notice from VNS that their child pornography images were among those possessed by Defendant in violation of federal child pornography law.

**CLAIM FOR RELIEF**

**Civil Remedy under 18 U.S.C. § 2255(a)**

25. The Plaintiffs repeat and re–allege all prior paragraphs.

26. 18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who, while a minor, is a victim of a violation of 18 U.S.C. § 2252 or § 2252A and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

27. The Defendant pleaded guilty to the predicate federal child pornography crime found at 18 U.S.C. § 2252A(a)(5)(B).

28. 18 U.S.C. § 2252A(a)(5)(B) provides that any person commits a federal crime who:

knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affected interstate or foreign commerce by any means, including by computer.

29. The Plaintiffs are victims of Defendant's crime.

30. Plaintiffs each elect liquidated damages in the amount of $150,000 and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, prejudgment and post-judgment interest, and such other relief as the Court deems appropriate.

31. The Plaintiffs are not seeking "actual damages" under 18 U.S.C. § 2255.

## RELIEF REQUESTED

WHEREFORE, the Plaintiffs each request judgment against the Defendant as follows:

32. Liquidated damages in the amount of $150,000 each pursuant to 18 U.S.C. § 2255(a);

33. Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a);

34. Litigation costs pursuant to 18 U.S.C. § 2255(a); and,

35. Pre-judgment and post-judgment interest.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

DATED this 26th day of February, 2025.

/s/ *Michelle Simpson Tuegel*

Michelle Simpson Tuegel
(Texas Bar No. 24075187)
Email: michelle@stfirm.com

COMPLAINT - 5

Maryssa J. Simpson
(Texas Bar No. 24088414)
Email: maryssa@stfirm.com
**The Simpson Tuegel Law Firm**
3611 Swiss Avenue, Suite 200
Dallas, TX 75204
Tel.: (214) 774-9121
Fax: (817) 977-9022

*Attorney(s) for the Plaintiffs*

COMPLAINT - 6